Sophy Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*
NEWMAN DU WORS LLP
100 Wilshire Blvd, Ste. 940
Santa Monica, CA 90401
Telephone:     (310) 359-8200
Facsimile:      (310) 359-8190

Attorneys for Plaintiff
SNUBA International, Inc.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SNUBA INTERNATIONAL, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KIRK GREEN, AN INDIVIDUAL, and WHEELS-2-GO LLC, a Florida Limited Liability Company,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR CYBERSQUATTING**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SNUBA International, Inc. ("SNUBA") brings this complaint against Defendants Kirk Green ("Green") and Wheels-2-Go LLC ("Wheels") upon personal information as to SNUBA's own activities and upon information and belief as to the activities of others, as follows:

## NATURE OF ACTION

1.  This is an action for violations of 15 U.S.C. § 1125(d), the Anticybersquatting Consumer Protection Act. Defendants registered the domain name <snubas.com> and then demanded money to sell it to SNUBA. Defendants threatened that they would use the domain name to disparage SNUBA unless SNUBA bought it from them.

## PARTIES

2. Plaintiff SNUBA is a Nevada corporation with its principal place of business in Shingle Springs, California.

3. Defendant Green is an individual and, on information and belief, a resident of Florida.

4. Defendant Wheels is a Florida Limited Liability Company with its principal place of business in Marathon, Florida.

## JURISDICTION AND VENUE

5. This is an action for cybersquatting under 15 U.S.C. § 1125(d). This Court has original subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim—and the threatened and actual harm to Plaintiff—occurred in this District by reason of Defendants' conduct as alleged below.

## FACTS

7. SNUBA developed the SNUBA trademark through 28 years of safe use and branded identity. Advertisements for SNUBA products appear prominently in widely read travel and outdoor recreation magazines and on heavily trafficked websites. Since 1988, millions of people have participated in a SNUBA adventure. SNUBA owns U.S. Trademark Registration Number 1,489,119 (May 24, 1988) for the word "SNUBA" (the "SNUBA Mark").

8. The SNUBA Mark is registered and used for the SNUBA system. For years, whenever consumers have seen the SNUBA Mark on SNUBA's products, they have recognized the SNUBA Mark as an indicator of the high quality they have come to expect from SNUBA. The U.S. Patent and Trademark Office has recognized SNUBA's strong rights in the SNUBA Mark by placing it on its Principal Register. The SNUBA Mark has been in use for over five consecutive

1  years, and has become incontestable pursuant to 15 U.S.C. § 1065. SNUBA is the
2  only party entitled to use or authorize use of its SNUBA Mark.
3         9.    The SNUBA system features a floating-compressed air tank with flexible
4  tubing connected to breathing regulators, along with other safety and comfort
5  features. The SNUBA system allows participants to enjoy underwater viewing
6  without the certification or equipment necessary to operate self-contained
7  underwater breathing gear, and at much greater depths than possible through
8  snorkeling.
9         10.   SNUBA licenses its trademarks and products to authorized recreational
10 centers throughout the world. SNUBA currently has authorized recreational
11 centers worldwide.
12        11.   SNUBA operates the <snuba.com> website to advertise its services and
13 products and educate consumers about SNUBA.
14        12.   Because underwater recreation carries risks, SNUBA has extensive
15 safety and quality-control programs. Consumers associate SNUBA with safety, and
16 SNUBA carefully protects its trademark and intellectual-property rights to ensure
17 that consumers are not misled into believing a competitor is offering a genuine
18 SNUBA product.
19        13.   Defendant Wheels-2-Go operates the <divehookah.com> website and
20 offers a competing product to SNUBA. Specifically, Wheels-2-Go's Dive Hookah
21 business offers consumers a floating compressed-air tank connected to flexible
22 tubes and breathing regulators. On information and belief, Dive Hookah sells its
23 product to independent operators.
24        14.   On information and belief, Kirk Green is a principal or employee of Dive
25 Hookah.
26        15.   On July 17, 2016, Green contacted SNUBA by email using a
27 <sales@divehookah.com> email address. Green stated that the domain name
28 <snubas.com> was for sale and that he had "several interested parties" if SNUBA

did not purchase it.

16. On July 17, 2016, SNUBA replied to Green and stated that SNUBA was a registered trademark and that Green could not use the term "Snuba" without SNUBA's permission.

17. On July 19, 2016, Green replied and stated:

> I was trying to be fair…and offer it to you first.
>
> This is a domain name legally owned by us. Is NOT a copyright infringement of any kind.
>
> We can use it however we want! Your implied, ill-informed threats are very disrespectful and just bad business.
>
> I now intend to sell this this domain to someone who wants to post a blog about SNUBA's bad business practices and he claims you screw your dealers and customers. He wants the name to post "proof".
>
> I offered it to you first because I don't feel any business should be bashed online. It can be very damaging.
>
> A smart business would buy it just to keep it out the hands of people like I am referring to.
>
> LAST CHANCE. IT WILL BE SOLD WITHIN 24HRS.

18. The domain name <snubas.com> is currently registered to Kirk Green.

19. On July 24, 2016, SNUBA sent Green a letter through SNUBA's counsel informing Green that the Anti-Cybersquatting Consumer Protection Act (ACPA) prevented Green from selling the domain name <snubas.com>.

20. Green responded "Does NOT apply to domain names!"

21. On July 25, 2016, SNUBA informed Green that the ACPA does apply to domain names and urged him to seek qualified legal representation if he had further questions.

22. On July 26, 2016, Green replied and claimed that he was going to use the site to post complaints about SNUBA, urged SNUBA to "sue me" and told counsel that "You have seriously hurt your client…good job!"

23. As of July 29, 2016, the website <snubas.com> contains the words "Proof SNUBA is a SCAM coming soon."

24. On information and belief, Green operated at the direction of and for the benefit of Wheels-2-Go. Each defendant was the agent of the other.

25. Defendants' actions were willful.

26. Defendants knew, at the time they registered and tried to sell the <snubas.com> domain name that it infringed the SNUBA Mark.

27. Defendants tried to profit from SNUBA's Mark by a bad-faith attempt to use or traffic in the domain name <snubas.com>.

## FIRST CAUSE OF ACTION
### Cybersquatting on the SNUBA mark
### in violation of 15 U.S.C. § 1125(d)

28. Plaintiff re-alleges and incorporates by reference all prior allegations as if fully set forth here.

29. On information and belief, Defendants registered and currently control and use the Infringing Domain (<www.snubas.com>).

30. The SNUBA mark was distinctive at the time Defendants registered and used the Infringing Domain.

31. The Infringing Domain (<www.snubas.com>) is confusingly similar to the SNUBA mark.

32. Defendants were aware of the existence of the SNUBA Mark when they registered and began using the Infringing Domain.

33. Defendants registered, trafficked in, or used the Infringing Domain in bad faith and with bad-faith intent to profit from the goodwill that SNUBA established in the SNUBA Mark.

34. Defendants do not have any intellectual property rights or any other rights in the SNUBA Mark.

35. Defendants' registration, use, or trafficking in the Infringing Domain

constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling SNUBA to relief.

36. By reason of Defendants' acts alleged herein, SNUBA's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

37. Under 15 U.S.C. § 1125(d)(1)(C), SNUBA seeks an injunction ordering Defendants and their registrar to transfer the Infringing Domain to SNUBA.

38. By reason of Defendants' acts alleged herein, SNUBA is entitled to recover its actual damages, costs of the action and Defendants' profits, or statutory damages under 15 U.S.C. 1117, on election by Plaintiff, in an amount of up to $100,000 per domain name infringement.

39. The above-described acts of the Defendants were wilful, entitling Plaintiff to treble damages under 15 U.S.C. § 1117.

40. This is an exceptional case making SNUBA eligible for an award of attorneys' fees under 15 U.S.C. 1117.

41. Finally, SNUBA seeks a permanent injunction restraining Defendants from registering any domain names containing the terms "snuba" or "SNUBA".

**RELIEF REQUESTED**

WHEREFORE, the Plaintiff SNUBA International, Inc. requests that the Court enter judgment against Defendants as follows:

1. An award of actual, compensatory, punitive and any other appropriate damage calculation allowed by law, in an amount to be proven at trial.
2. Equitable disgorgement of benefits, as well as any other equitable remedies.
3. A temporary and permanent injunction.
4. Attorney's fees as allowed by law.

5. Such other and further relief as this Court may deem just and proper, at either law or equity.

## JURY DEMAND

SNUBA requests trial by jury of all claims that can be so tried.

Dated: August 3, 2016

NEWMAN DU WORS LLP

_____
Sophy Tabandeh, State Bar No. 287583
*sophy@newmanlaw.com*

Attorney for Plaintiff
SNUBA International, Inc.